UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE LYNCH,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No.  2:13-cv-1855 CKD<br><br><br>ORDER |

      Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $26,176.00[1] for 28.8 hours of professional time devoted to the representation of plaintiff before this court.

      42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[1] In the motion, plaintiff asks for an award of net attorney fees in the amount of $21,026.00, acknowledging that the fee award must be offset by the amount of $5,150 for fees previously awarded under EAJA.

1

1  Rather than being paid by the government, fees under the Social Security Act are awarded out of
2  the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),
3  receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).
4  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also
5  must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09
6  (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory
7  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
8  agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must
9  show that the fee sought is reasonable for the services rendered." Id. at 807.

10  Counsel seeks fees for 28.8 hours.  Based on the quality of counsel's representation and
11  the results achieved in this case, the undersigned finds the amount of hours expended to be
12  reasonable.  The hourly rate of $908, while high, is also reasonable given the quality of counsel's
13  representation and the result obtained in this matter.  Accordingly, the undersigned will award the
14  amount of attorney fees requested.

15  Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $26,176.00
16  in attorney fees pursuant to 28 U.S.C. § 406.  Plaintiff's counsel shall refund to plaintiff the
17  amount of $5,150 for fees previously awarded under EAJA, if said fees have previously been
18  remitted by plaintiff to counsel.

19  Dated: October 3, 2016

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

22  4 lynch1855.406.ss